BRIARPATCH LIMITED, L.P. and Gerard F. Rubin, Plaintiffs,

v.

STAGE FRIGHT LLC, Geisler Roberdeau, Inc. Samuel Myers and Claudia Myers, Defendants.

No. 99 Civ. 10022(RWS).

United States District Court, S.D. New York.

March 1, 2000.

Deyan Ranko Brashich, New York City, Barry L. Goldin, Sixth & Hamilton, Allentown, PA, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Howard Kleinhendler, of counsel), for defendants Stage Fright LLC, Geisler Roberdeau, Inc. and Claudia Myers.

Coleman, Rhine & Goodwin, New York City (Howard I. Rhine, of counsel), for defendant Samuel Myers.

### OPINION

SWEET, District Judge.

Plaintiffs Briarpatch Ltd. L.P. ("Briarpatch" or the "Partnership") and Gerard F. Rubin ("Rubin") (collectively, "Plaintiffs") have moved, pursuant to 28 U.S.C. 1447(c), to remand this action to the Supreme Court of the State of New York, New York County. Defendant Samuel Myers ("Myers") has moved, pursuant to Fed.R.Civ.P. 12(b)(2), to dismiss the complaint for lack of personal jurisdiction. For the reasons set forth below, Plaintiffs' motion will be granted. Because the action will be remanded for lack of subject matter jurisdiction, Myers's motion to dismiss will not be addressed.[1]

---

**1.** Myers, of course, can raise the personal jurisdiction issue before the New York Su-

preme Court.

### The Parties

Plaintiff Briarpatch is a limited partnership.

Plaintiff Rubin is the sole limited and winding up partner of Briarpatch.

Defendant Geisler Roberdeau, Inc. is a dissolved New York corporation.

Defendant Stage Fright LLC ("Stage Fright") is a New York corporation.

Defendant Myers is an attorney residing in France. He is licensed to practice law in the State of New York.

Defendant Claudia Myers is a daughter of Myers, a former employee of the principals of Geisler Roberdeau, Inc., and a New York resident.

### Background and Prior Proceedings

This action is related to *Briarpatch Ltd., L.P. v. Pate et al.,* 81 F.Supp.2d 509 (S.D.N.Y.2000) (the *"Pate* Action"), and to *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., Phoenix Pictures, Inc. et al.,* No. 99 Civ. 9623, 2000 WL 235284 (S.D.N.Y.2000) (the *"Phoenix* Action"). Plaintiffs are identical in each of the three actions. In an opinion dated January 20, 2000, this Court granted Plaintiffs' motion to amend their complaint in the *Pate* Action, add necessary parties, and remand the action to New York State Court. *See Briarpatch Ltd., L.P. v. Pate,* 81 F.Supp.2d 509 (S.D.N.Y.2000).

As related in detail in the *Pate* opinion, Plaintiffs filed an action in New York State Supreme Court, New York County, on December 17, 1998 (the "1998 New York Action"), against Robert Geisler ("Geisler") and John Roberdeau ("Roberdeau"), alleging counts of fraud, breach of fiduciary duty, and other claims arising from Geisler and Roberdeau's alleged misappropriation of funds invested by Rubin with Briarpatch for the purpose of developing certain motion picture and theatrical properties. *See Pate,* 81 F.Supp.2d 509, 511–12.

On July 12, 1999, after a trial, the New York State Supreme Court issued a decision in favor of Plaintiffs, finding, *inter alia*, that "The White Hotel" was a project belonging to the Briarpatch limited partnership, not to Geisler, Roberdeau, their affiliated companies, or the Briarpatch general partners.

The complaint in the instant action (the "Complaint") alleges that Rubin contributed at least $2,000,000 for development of "The White Hotel" project, including funds to acquire the film rights to the underlying novel of the same name by D.M. Thomas, and to pay for a screenplay by Dennis Potter, revision by Chuck Mee, and other screenplays by other writers.

The Complaint further alleges that Geisler and Roberdeau pledged the "White Hotel" rights to Monty Montgomery ("Montgomery") for $200,000, then permitted Montgomery to purchase the rights for one dollar on February 7, 1994. Shortly thereafter, on or about February 18, 1994, Geisler and Roberdeau entered into an agreement dated February 9, 1994, in which Montgomery granted Briarpatch Film Corp., one of the general partners of Briarpatch, an exclusive right to repurchase the "White Hotel" rights.

The Complaint further alleges that Myers aided Geisler and Roberdeau in a scheme to divert and misappropriate the rights to and interests in "The White Hotel" from Plaintiffs. In furtherance of the scheme, Myers is alleged to have entered into an agreement on March 15, 1994 with Montgomery and Briarpatch Film Corp., under which Montgomery sold the "White Hotel" rights for $237,740 to Myers, although payment was made on behalf of Briarpatch Film Corp. On the same day, Myers entered into an agreement in New York with Geisler and Roberdeau, in which Myers granted Geisler and Roberdeau an exclusive option to purchase for $500,000 the rights Myers had just acquired to "The White Hotel" secured by a $500,000 promissory note signed by Geisler and Roberdeau. The Complaint further alleges that

Myers was paid $125,000 to act as a "straw" in this transaction, and that Myers knew or should have known that the "White Hotel" rights belonged to Plaintiffs.

The Complaint further alleges that Claudia Myers worked for Geisler and Roberdeau beginning in 1994 and had knowledge of Rubin's funding of the "White Hotel" project and kept her father (Myers) informed of her knowledge. Through 1996, Myers entered into a series of agreements with Geisler and Roberdeau updating the terms of the agreement of March 15, 1994.

On August 4, 1994, Geisler and Roberdeau organized Geisler Roberdeau, Inc. On June 18, 1997, Geisler and Roberdeau organized Stage Fright. The Complaint alleges that Geisler and Roberdeau diverted opportunities with respect to "The White Hotel" properly belonging to Plaintiffs to Geisler Roberdeau, Inc. and to Stage Fright, including payments to a director, screenwriter, and translator for the "White Hotel" project, and retention of work product thereby obtained.

Contrary to the terms of the Briarpatch Limited Partnership Agreement, Geisler and Roberdeau allegedly failed to disclose to Rubin after March 1, 1994, any information concerning development, production, or exploitation of the "White Hotel" project.

The Complaint, which was filed in New York State Court on August 12, 1999, alleges causes of action for conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, an accounting, and a declaratory judgment as to ownership of the "White Hotel" rights.

On September 27, 1999, defendants Geisler Roberdeau, Inc. and Stage Fright removed this action to this Court on the basis of federal question and diversity of citizenship grounds.

On October 19, 1999, Plaintiffs filed the instant motion to remand the action to

New York Supreme Court. Answer and reply papers were received through November 3, 1999, at which time oral argument on the motion was heard.

On November 17, 1999, an evidentiary hearing was held at which it was preliminarily established that plaintiff Rubin was, for diversity purposes, domiciled in New York. Documents subsequently submitted to the Court—principally Rubin's W–2 statements from recent years, which show a New York address—have buttressed that finding.

Oral argument on Myers's motion to dismiss for lack of personal jurisdiction was heard on December 15, 1999.

### Discussion

 Geisler Roberdeau, Inc. and Stage Fright oppose remand on two grounds: federal question jurisdiction under copyright law, and diversity. The diversity basis hinges upon the allegation that Rubin is domiciled in New Jersey. It has been determined, however, that Rubin is a New York domiciliary. *See Pate,* 81 F.Supp.2d at 514. Since there is no dispute that several of the defendants are New York domiciliaries, diversity is not a proper basis for jurisdiction. Therefore, the sole question to consider on this motion is whether federal question jurisdiction exists under copyright law.

Geisler Roberdeau, Inc. and Stage Fright maintain that the Complaint at its core involves the claim for a declaratory judgment as to the "White Hotel" rights—a claim which purportedly falls squarely within 17 U.S.C. § 106. The unjust enrichment claim is purportedly preempted by federal copyright law, and jurisdiction over the remaining claims arises out of the same nucleus of operative facts as do Plaintiffs' demand for declaratory judgment.

However, counsel for Geisler Roberdeau, Inc. and Stage Fright conceded at oral argument on November 3, 1999, that those entities did not have standing to raise the copyright issue, which only implicates rights purportedly held by Myers. Myers did not join in the removal petition, nor did he file papers opposing the remand. It would therefore be inappropriate to consider the copyright issue here.

### Conclusion

For the reasons set forth above, Plaintiffs' motion is granted. The Clerk of the Court is directed to remand the case to the New York State Supreme Court, New York County.

It is so ordered.